**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417
Telephone 602.440.4800
Fax 602.257.9582

Lisa S. Wahlin (Bar No. 013979)
lwahlin@rcalaw.com
Kevin R. Heaphy (Bar No. 026266)
kheaphy@rcalaw.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jennifer Marie Jones, et al., | Case No. 2:13-cv-01770-DGC |
| Plaintiffs, | |
| v. | **DEFENDANTS' MOTION TO DISMISS** |
| Town of Quartzsite, et al., | |
| Defendants. | |

Pursuant to Rule 12(b)(6), Defendants Town of Quartzsite ("Town"), Gilbert, Frausto, Taft, and Johnson move to dismiss Plaintiff's claims.[1] Plaintiff's Complaint (Doc. 1) should be dismissed because its relevant, non-conclusory allegations fail to state a claim, and it contains impermissibly duplicative claims.

## I.  BACKGROUND

Plaintiffs asserts claims under 42 U.S.C. § 1983, alleging that Defendants violated their First Amendment right to free speech (Count 1 and 3); Fourth Amendment right to be free from false arrest and malicious prosecution (Counts 2 and 4); and Fourteenth Amendment right to equal protection (Count 8). Plaintiffs also assert a failure to train

---

[1] Defendants Sondra Gilbert and Terry Frausto are merely named in this lawsuit as spouses and have no independent liability. Thus, dismissal of Plaintiffs' against Jeff Gilbert and Xavier Frausto should result in dismissal the claims against Sondra Gilbert and Terry Frausto.

claim against the Town (Count 5); an intentional infliction of emotional distress ("IIED") claim (Count 6); and a §1983 conspiracy claim against all Defendants (Count 7).

Plaintiffs' claims are based on allegations that they were targeted because they have publicly criticized Town government and Defendant Gilbert, including through Jennifer Jones's newspaper.[2] They allege that over a span of years Defendant Gilbert carried out and directed over 109 unlawful Arizona Criminal Justice Information System ("ACJIS") inquiries on Jennifer Jones, and over 263 unlawful ACJIS inquiries on John Jones, and that the Joneses were both wrongfully arrested on various occasions.[3] Plaintiffs claim that these unlawful ACJIS inquiries and arrests were part of an ongoing campaign to violate their rights.[4]

## II. THE FAC HAS NOT STATED A CLAIM THAT IS PLAUSIBLE ON ITS FACE.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[5] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[6] Plausibility requires more than a sheer possibility that a defendant has acted unlawfully.[7] Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility.'"[8] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are not sufficient to establish plausibility.[9] When considering a motion to dismiss, a court should

---
[2] Compl. (Doc. 1), ¶¶ 11, 13.
[3] *Id.*, ¶ 6.
[4] *Id.*
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).
[6] *Iqbal*, 556 U.S. at 678.
[7] *Id.*
[8] *Id.* (quoting *Twombly* at 557).
[9] *Id.*

apply a two-pronged approach, first identifying the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory, and then assessing the non-conclusory factual allegations to determine if they plausibly suggest entitlement to relief.[10]

Here, Plaintiffs' FAC's arguably relevant, non-conclusory allegations, as outlined below, fail to state a claim that is plausible on its face.

| **Paragraph** | **Allegation** |
| --- | --- |
| 11 | Plaintiffs are self-styled activists who have spoken out against Town government, including through Jennifer Jones's newspaper. Jennifer Jones has also run for public office against members of the Town council. |
| 12 | Plaintiffs' names were unlawfully run through ACJIS. Plaintiff Jennifer Jones's name was run through ACJIS at least 109 times, and Plaintiff John Jones's name was run at least 263 times. |
| 13 | Jennifer Jones is an outspoken critic of Defendant Gilbert. |
| 14 | Plaintiffs' names and reputation have been tarnished by the Department of Public Safety report. |
| 15-16, 22, 24, 26, 42 | Town management was made aware that Defendants Gilbert and Frausto were running unauthorized ACJIS inquiries but the Town did not correct or discipline them. |
| 18 | A letter from Quartzsite Police Department ("QPD") officers accused Defendant Gilbert of intentionally and improperly targeting citizens through fabricated arrests & charges. |
| 19-20 | The QPD officers' letter was delivered to the Town manager & council. |
| 22 | The QPD officers alleged that Defendant Gilbert ran license plates just to find out the names of people whose vehicles were parked at businesses/residences of people he doesn't like, and that he ran criminal history reports though NCIC to get dirt on citizens he doesn't like. The officers further alleged that Defendant Gilbert ordered officers to pull over and arrest and/or cite citizens he doesn't like. While the letter mentioned NCIC abuses, Plaintiffs did not know that their names |

---

[10] *Id.* at 679-681.

| | | |
|---|---|---|
| | | were run until the fall of 2012. |
| | 23 | Even after getting the letter from the QPD officers, the Town council took no action to curtail these abuses. |
| | 28 | Town council ordered Jennifer Jones's removal from a meeting on June 28, 2011. |
| | 31 | Jennifer Jones had been arrested and charged before June 28, 2011, and was later arrested on December 2, 2011. All charges were dismissed. |
| | 32 | Jennifer Jones was subjected to nearly 300 counts of zoning violations in 2012. |
| | 35 | Jennifer Jones was arrested for tampering with a witness on December 2, 2011. |
| | 36 | In 2010, Defendants charged Plaintiffs with false reporting and those charges were dismissed. |
| | 38-39 | Plaintiff Jennifer Jones was arrested on November 19, 2010 and many times thereafter. |
| | 40 | Mr. Jones has been arrested twice—on December 1, 2010 and April 20, 2011. Both charges were later dismissed. |
| | 41 | During the Department of Public Safety Investigation, various QPD officers gave the following statements: (1) Defendant Gilbert told them to "find out anything they can" on Jennifer Jones; (2) When Defendant Gilbert was out of town, Defendant Frausto ordered a warrantless search; (3) The Town council told Defendant Gilbert to do the ACJIS violations; (4) Defendant Gilbert wanted to run the Joneses after they returned from a trip to see if they did anything wrong while they were gone. |

### A. **The FAC Fails to State a First Amendment Claim.**

Plaintiffs' Complaint includes two counts that are styled as First Amendment claims. But the allegations outlined in support of these two counts suggest that they are duplicative and that Plaintiffs' claim is simply a First Amendment claim for retaliatory arrest/prosecution. But even if Plaintiffs intended to assert two separate claims, their Complaint does not state a claim as to either.

To state a claim of retaliatory arrest/prosecution, Plaintiffs must have alleged facts supporting a reasonable inference that: (1) Defendants arrested or prosecuted them without probable cause; (2) Defendants acted with the impermissible motive to interfere with their First Amendment rights; and (3) Defendants' conduct would chill a person of

ordinary firmness from future First Amendment activities.[11] Plaintiffs' Complaint does not allege facts that plausibly suggest liability for retaliatory arrest/prosecution. Plaintiffs allege generally that they were falsely arrested but they provide no facts about who specifically arrested them or under what circumstances. These conclusory allegations do not give rise to an inference that "Defendants" arrested them without probable cause. And their conclusory allegations that Defendants acted in retaliation for their criticism of the Town and Defendant Gilbert are not sufficient to support that Defendants acted with an impermissible motive. They include no facts that would support an inference that Defendants were aware of Plaintiffs' criticism and that Defendants' actions were in response to Plaintiffs' statements. Plaintiffs' Complaint also fails to provide facts that would support that Defendants took any action based on the content of Plaintiff Jennifer Jones's speech and it alleges no specific speech by John Jones.

Plaintiffs' First Amendment claims should be dismissed.

### B. The FAC Fails to State a Fourth Amendment Claim.

Reading Plaintiffs' Complaint broadly, it appears they have attempted to bring Fourth Amendment claims based on arrests, prosecutions, and unlawful criminal background checks. But regardless of their theory of liability, Plaintiffs have not stated a Fourth Amendment claim.

#### 1. False Arrest and Malicious Prosecution

Plaintiffs' conclusory allegations do not establish the elements of their claims. To state claims for false arrest and malicious prosecution, Plaintiffs must have alleged sufficient facts to support an inference that they were arrested without probable cause.[12]

---

[11] *Hartman v. Moore*, 547 U.S. 250 (2006); *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008); *Dowling v. Arpaio*, 858 F.Supp.2d 1063 (D.Ariz. 2012).

[12] *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (to prevail on a § 1983 claim for false arrest the plaintiff must demonstrate that there was no probable cause to arrest); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (a plaintiff must show that the defendants acted without probable cause to prevail on a § 1983 malicious prosecution claim).

As discussed *supra*, Plaintiffs provide no facts regarding the circumstances surrounding their arrests, nor do they identify who arrested them. Their Complaint alleges only that they were falsely arrested.[13] The bare allegations regarding their arrests and prosecutions do not plausibly support liability.

Plaintiffs' false arrest claims are also time-barred. Plaintiffs allege that they were arrested on a variety of dates. But April 2011 is the most recent arrest date.[14] Section 1983 claims have a two-year statute of limitations.[15] The limitations period on a false arrest claim based on an April 2011 arrest would have expired in April 2013. Plaintiffs did not file their Complaint until August 28, 2013. Accordingly, Plaintiffs failed to bring their false arrest claims within the statute of limitations.

### 2. Unlawful Criminal History Checks

Plaintiffs cannot state a Fourth Amendment claim—or any other constitutional claim—based on Defendants' alleged unlawful use of ACJIS to do criminal history background checks. The Fourth Amendment is only implicated by governmental conduct that constitutes a search or a seizure.[16] A criminal history background check is neither a search nor a seizure.[17] Plaintiffs' constitutional rights were not violated by Defendants' ACJIS inquiries.

Accordingly, Plaintiffs' Fourth Amendment claims should be dismissed.

---

[13] Compl., ¶¶ 31, 32, 36, 38-40.
[14] Jennifer Jones's alleged December 2011 arrest is actually the most recent but, as discussed *infra*, it is barred because it is impermissibly duplicative.
[15] *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (actions brought pursuant to § 1983 are governed by state statute of limitations for personal injury actions); A.R.S. § 12-542 (two-year statute of limitations for injury to person or property).
[16] *U.S. v. Attson*, 900 F.2d 1427, 1429 (9th Cir. 1990).
[17] *U.S. v. Burleson*, 657 F.3d 1040, 1047 n.4 (10th Cir. 2011) (The Fourth Amendment is not implicated simply because a name, legally obtained, is later used to run a criminal background check. That action is neither a search nor a seizure, for there is no expectation of privacy in one's criminal history). A license plate check is also not a search under the Fourth Amendment. *U.S. v. Diaz-Castaneda*, 494 F.3d 1146 (9th Cir. 2007).

## C. The FAC Fails to State an Equal Protection Claim.

Plaintiffs' equal protection claim is based on the alleged unlawful background checks, arrests, and prosecutions, and is thus essentially a claim of selective enforcement. To state a claim for selective enforcement, a class-of-one plaintiff must allege facts that support an inference that he has been intentionally treated differently from others similarly situated.[18] Plaintiffs' Complaint contains no factual allegations to plausibly support that each of the individual defendants participated in arresting, prosecuting, and/or running background checks on Plaintiffs. Even assuming that Plaintiffs sufficiently alleged that one or more Defendants arrested, prosecuted or ran background checks on them, the Complaint still does not state a claim. To prevail on a Fourteenth Amendment selective enforcement claim, a plaintiff must demonstrate that the enforcement had a discriminatory effect and that police were motivated by a discriminatory purpose.[19] A "discriminatory purpose" requires facts that show similarly situated individuals were not prosecuted.[20] Here, Plaintiff fails to allege facts that support an inference that Defendants pursued a particular course of action because of its adverse effect on Plaintiff,[21] or that similarly situated individuals were not arrested and/or prosecuted.[22]

Finally, the "class-of-one doctrine does not apply to forms of state action that by their nature involve discretionary decision making based on a vast array of subjective individualized assessments."[23] Plaintiff's allegations are based on allegedly unlawful decisions Defendants made during the investigation and prosecution of criminal charges

---

[18] *North Pacifica, LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008); *Donahoe v. Arpaio*, 869 F.Supp.2d 1073-1074 (D.Ariz. 2012).
[19] *Rosenbaum v. City and County of San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007).
[20] *United States v. Armstrong*, 517 U.S. 456, 465 (1996).
[21] *See Wayte v. United States*, 470 U.S. 598, 610 (1985).
[22] *See Armstrong*, 517 U.S. at 465.
[23] *Donahoe* at 1073-1074 (quoting *Towery v. Brewer*, 672 F.3d 650, *9 (9th Cir. 2012)).

against Plaintiff. Because these decisions are by their nature discretionary, no class of one equal protection claim can be stated.[24]

Accordingly, Plaintiffs' selective prosecution claim should be dismissed.

### D. The Complaint Fails to State a Municipal Liability Claim.

To maintain a § 1983 claim against a local governing body, a plaintiff must allege facts that support a reasonable inference that a "policy or custom"—or lack thereof—attributable to the body was the "moving force" behind the constitutional deprivation."[25] To state a failure to train claim, a plaintiff must allege facts to support an inference that the municipal defendant failed to train officials in a specific area where there is an obvious need for training to avoid violations of citizen's constitutional rights.[26] Plaintiff does not allege sufficient facts to state a municipal liability claim against the Town.

The Complaint contains only conclusory allegations regarding the Town. Plaintiff alleges generally that the Town's failure to provide training and supervision to its police officers caused Plaintiffs' rights to be violated.[27] But Plaintiffs fail to point to a specific official policy or practice, or a specific area or areas where there was an obvious need for training, and they do not allege facts that would support an inference that a policy or practice, or training deficiency, caused a violation of Plaintiff's rights. Accordingly the federal claims against the Town should be dismissed.

### E. The Complaint Fails to State a Conspiracy Claim.

Plaintiffs fall short of alleging facts sufficient to state a plausible conspiracy. Their Complaint does not include non-conclusory allegations that support an inference that Defendants agreed to violate Plaintiff's constitutional rights.[28] Indeed, it does not include

---

[24] *Id.*
[25] *Monell v. Department of Social Service of New York*, 436 U.S. 658, 691-694 (1978).
[26] *City of Canton v. Harris*, 489 U.S. 378 (1989).
[27] Compl., ¶¶ 15-16, 22, 24, 26, 42, 56.
[28] *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (conspiracy requires the existence of an agreement, or a meeting of the minds, to violate the plaintiff's constitutional rights).

1 any facts that suggest Defendants had an agreement or meeting of the minds. Plaintiff's
2 conspiracy claim should be dismissed.

### F. The Complaint Fails to State an IIED Claim.

To state a claim for intentional infliction of emotional distress, Plaintiffs must have alleged facts to support an inference that: 1) Defendants' conduct was extreme and outrageous; (2) Defendants either intended to cause emotional distress or recklessly disregarded the near certainty that distress would result from the conduct; (3) the conduct caused Plaintiffs to suffer emotional distress; and (4) the emotional distress was severe.[29] The standard for "extreme and outrageous" conduct is high; it must be "beyond all possible bounds of decency," and "atrocious and utterly intolerable in a civilized community."[30]

Plaintiffs' Complaint does not state a claim for intentional infliction of emotional distress. Plaintiffs have not alleged even the elements of this claim, much less facts that would plausibly support liability. And Defendants' alleged actions are not sufficiently outrageous to support this claim. Plaintiffs' IIED claim should be dismissed.

### III. TO THE EXTENT THAT JENNIFER JONES'S CLAIMS ARE BASED ON HER JUNE 28 AND DECEMBER 2, 2011 ARRESTS, THEY ARE BARRED BECAUSE THEY ARE DUPLICATIVE.

Plaintiff Jennifer Jones appears to base her claims—at least partially—on arrests that occurred on June 28, 2011 and December 2, 2011.[31] These claims are barred because they are impermissibly duplicative.

"Plaintiffs generally have 'no right to maintain [ ] separate actions involving the same subject matter at the same time in the same court and against the same parties.'"[32] Where separate actions are duplicative, the court has discretion to dismiss the second

---

[29] *Lucchesi v. Stimmell*, 149 Ariz. 76, 78-79, 716 P.2d 1013, 1015-16 (Ariz. 1986) (citations omitted).
[30] *Ford v. Revlon*, 735 P.2d 580, 585 (Ariz. 1987).
[31] Compl., ¶¶ 31, 35.
[32] *Adams v. California Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d. Cir. 1977).

action with prejudice.[33] Plaintiff Jennifer Jones has two other cases pending in this court that make her claims here duplicative: Jennifer Jones v. Town of Quartzsite, et al., 2:12-cv-01383-JAT ("First Action") and Jennifer Jones v. Town of Quartzsite, et al., 2:12-cv-02629-PHX-LOA ("Second Action"). All three actions involve the same parties, or privies. Defendants Town and Gilbert are parties to all three actions. Defendants Johnson and Taft are parties to the First Action and this action. And Defendant Frausto is a party to the Second Action and this action. Although all three actions do not name all the same defendants, the defendants are in privity with the Town, which is named in all three actions. As employees of the Town[34] at the time of the events Plaintiffs allege, these parties have a close relationship and aligned interests which are adequately represented by the City in the First and Second Actions.[35]

Courts look at four factors to determine whether a suit is duplicative: (1) whether the actions arise out of the same transactional nucleus of facts; (2) whether substantially the same evidence is presented in the actions; (3) whether the actions involve infringement of the same right; and (4) whether rights or interests established in the first action may be destroyed or impaired by prosecution in the second action.[36] Here, these factors are satisfied.

First, the claims in this action, to the extent they are based on Jennifer Jones's June 28, 2011 and December 2, 2011 arrests and resulting prosecutions, involve the same essential facts as alleged in the First and Second Actions. In the First Action, Plaintiff alleges that she was at a Town council meeting, approached the microphone to speak during the public comment period, and was falsely arrested by Defendant Gilbert at the

---

[33] *Id* at 688.

[34] Defendants Gilbert, Paterson, Garcia, and Frausto worked for the Town's Police Department, Defendant Winslow was on the Town council, and Defendants Taft and Johnson were the Town Manager and Assistant Town Manager, respectively.

[35] *See Adams*, 487 F.3d at 691 (parties are in privity where there is a close relationship between the parties, and identity of interests, and adequate representation).

[36] *Estrada v. City of San Luis*, CV-07-1071, 2008 WL 3286112 at *2 (D.Ariz. August 7, 2008).

urging of Defendants Taft and Johnson.[37] Here, Plaintiff alleges that the Town council ordered Jones to be removed from the June 28, 2011 council meeting, and that she was falsely arrested.[38] The Second Action alleges that Defendants Gilbert and Frausto falsely arrested and prosecuted her for witness tampering on December 2, 2011 based on a conversation she had with another citizen, Denise Florian, during which she asked whether Florian's ex-boyfriend (against whom Florian had a restraining order), was coming to town to offer negative character evidence against Florian in an upcoming trial.[39] Plaintiff claims her arrest, along with a string of zoning violation citations and other false charges and malicious prosecution, was part of Defendants' ongoing campaign of harassment, violation of rights, malicious prosecution, retaliation, and conspiracy.[40] Here, Plaintiff also alleges that she was falsely arrested on December 2, 2011, and was subjected to other false charges and malicious prosecutions and trumped up zoning violations, as part of Defendants' ongoing pattern of harassment, intimidation, malicious prosecution, retaliation and conspiracy to violate her rights.[41] In all three actions, Plaintiff alleges that Defendants' actions were in retaliation for Plaintiff's criticism of Town government and Town council members.[42] The First and Second Actions thus share a common nucleus of facts with this action.

The second factor is also satisfied. For Plaintiff to establish claims based on her June and December 2011 arrests, the same evidence would need to be presented in this action as in the First and Second Actions. Plaintiff would need to present evidence of the circumstances of her arrests and prosecutions, her political activism, and the Defendants' motives for arresting and prosecuting her.

---

[37] First Action Compl. (Doc. 1), ¶¶ 19-34.
[38] Compl., ¶¶ 28-31.
[39] Second Action Compl. (Doc. 1), ¶¶ 11, 17-22.
[40] Second Action Compl., ¶¶ 39-42.
[41] Compl., ¶¶ 31, 32, 35, 39.
[42] Compl., ¶¶ 11, 28, 31, 35, 44, 51; First Action Compl., ¶¶ 6, 10, 11, 47, 67, 68, 74; Second Action Compl., ¶¶ 6, 8, 20, 25, 47, 53.

Next, the actions involve infringement of the same rights. All three actions involve Plaintiff's interest in being able to criticize local government and her right to be free from violations of her constitutional rights, including false arrest, malicious prosecution, and retaliatory prosecution.

Finally, Defendants' interests established in the First and Second Actions may be destroyed or impaired by prosecution in this case. The First and Second Actions have been pending for more than a year. Motions for judgment on the pleadings have been filed in both actions. There is a risk of inconsistent results if Plaintiff is permitted to proceed with the same claims in this action.

Accordingly, any claims Plaintiff Jennifer Jones has asserted based on her June 28 and December 2, 2011 arrests should be dismissed as duplicative.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs have failed to state a claim and their Complaint should be dismissed.

DATED this 27th day of January, 2014.

**RYLEY CARLOCK & APPLEWHITE**

By /s/ Lisa S. Wahlin
Lisa S. Wahlin
Kevin R. Heaphy
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417
*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2014, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Elmer Stewart Rhodes III
Law Office of Elmer Stewart Rhodes
432 E Idaho St., Ste. C231
Kalispell, MT 59901
*Attorney for Plaintiff*

/s/ Darlene Dahl