Jennifer Marie Jones
PO Box 1320
Quartzsite, AZ 85346
(928) 785-6318
thedesertfreedompress@yahoo.com
Plaintiff in Pro Se

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Jennifer Marie Jones,

John Lavern Jones

    Plaintiff,

vs.

Town of Quartzsite, et al.,

No. CV-13-01770-PHX-DJH

**PLAINTIFF'S RESPONSE TO DEFENDANTS' RENEWED MOTION TO DISMISS**

**(Oral argument Requested)**

(Assigned to the Honorable Diane J. Humatewa)

---

Comes now Plaintiff Pro Se Jennifer Marie Jones, and also on behalf of Plaintiff John Lavern Jones, in the furtherance of Rule 8 FRCP and as provided by the Court's Order (Doc. 36) hereby answers the allegations contained in the Defendant's Renewed Motion to Dismiss and Supplemental Memorandum. As provided by the Court's Order (Doc. 36) Plaintiffs renew, adopt and incorporate by reference their Response (Doc. 27) to Defendants' Motion to Dismiss (Doc. 19). In support thereof Plaintiffs state the following:

Plaintiff Jennifer Jones has filed 5 lawsuits related to a series of unwarranted, malicious and retaliatory acts perpetrated by multiple co conspirators and rogue agents,

which occurred beginning in April 2008 and continue through the present day, previously referred to as *Jones I, Jones II, Jones III, Jones IV, and Jones V*. The Court assumes familiarity with these lawsuits. Plaintiff maintains that none of these cases having had an actual finding of fact based on evidence or testimony, and only having been scrutinized as pled, there is no reasonable way at this early stage in the Case (*Jones III)* to conclude that they are preclusive, duplicative, or that the issues of this case could have been raised in those actions. Moreover Defendants argued in opposition to consolidation of *Jones I* with this case (*Jones III* ) and the Honorable Judge James A. Teilborg ruled in their favor. Plaintiffs deny the allegation of claim preclusion specifically and therefore Plaintiffs put Defendant to strict proof of the allegation.

*Jones I* was dismissed before trial and has been appealed to the Ninth Circuit. *Jones II* was dismissed through no fault of Plaintiff and due to circumstances beyond her control, in that her former counsel failed to file his approval and consent to withdraw by the deadline, leaving Plaintiff unable to proceed in pro se, being that she was technically still represented. *Jones IV* was dismissed on the pleadings and has been appealed to the Ninth Circuit. *Jones V* was dismissed on the pleadings and a motion to amend the judgment was filed and is pending. None of these cases have had an amended complaint filed, nor leave to amend granted.

In light of the serious nature of the crimes committed by the Defendants as stated in this Claim and supported by the irrefutable evidence contained in Plaintiffs' Exhibit attached to their previous Response (Doc.75) justice demands the highest possible level of scrutiny and dismissal at this early stage is inappropriate.

New issues and evidence have arisen that support this Claim, not limited to but including specifically an event where Defendant Jeffrey Gilbert was driving his vehicle and with his firearm drawn chased Plaintiff John Jones on bicycle and on foot across the La Posa North Long Term Visitor area belonging to Bureau of Land Management. A Quartzsite Police Department incident report and video recording document this incident, which took place after Defendant Gilbert's employment contract with the Town of Quartzsite was terminated.

Plaintiffs maintain that they have both pled a valid cause of action in this case. Plaintiff John Jones should not be prejudiced by dismissals in cases to which he was not a party. Of relevance, Plaintiff John Jones has recently filed for a summary dissolution of marriage from Plaintiff Jennifer Jones, and she has petitioned the La Paz County Superior Court for conciliation pursuant to A.R.S. 25-381.09 to determine, among other things, whether John Jones intends to pursue this case (*Jones III*) jointly or severally. A conciliation meeting has not yet been scheduled but is expected within the next sixty days, and Plaintiff Jennifer Jones requests that oral arguments on this matter not be set until October of 2015 so as to allow Plaintiffs the opportunity to meet and confer and to prepare and proceed accordingly. Plaintiff John Jones' whereabouts are not specifically known to Plaintiff Jennifer Jones at this time and an Order of Protection prevents the Plaintiffs from meeting outside of the orders of the State Court. Plaintiff Jennifer Jones maintains that the breakdown of the marriage was due largely to the unrelenting and malicious actions of the Defendants and the emotional distress they caused, and she

desires to amend her Complaint accordingly, after John Jones' status in this case has been determined.

Naturally, the disposition of Plaintiff's other cases currently docketed for appeal in the Ninth Circuit and the case with a motion pending would have a profound effect on this case. Justice would be served by allowing time for further development in discovery to help the Court asses the propriety of this Claim and to take into consideration the relevance of the other cases.

The question is not whether Plaintiffs will intimately prevail on their Claim, but whether their Complaint was sufficient to cross the federal court's threshold. A complaint need not pin Plaintiffs' claim for relief to a precise legal theory and an exposition of the Plaintiffs' legal argument is not required. Every plausible legal theory that might provide relief to the plaintiff, based on the facts pleaded previously and herein, must be considered. Plaintiffs contend that the actions giving rise to this case are separate and distinct from those giving rise to *Jones I, Jones II, Jones IV* and *Jones V*, that no evidence has been offered to prove otherwise, that this case is not barred by claim preclusion, and that both Plaintiffs have met the requirements.

Plaintiffs in the furtherance of Rule 16 FRCP hereby request all contested matters at issue be assigned to pretrial conference so that, the disposition of the action will be expedited, early and continuing control will be established to prevent a protracted case, to minimize the pretrial activities, improve the quality of the trial, and facilitate settlement of issues that may be resolved at said conference.

## CONCLUSION

WHEREFORE, Defendant's Renewed Motion to Dismiss must be Denied in the interest of justice.

RESPECTFULLY SUBMITTED this 1st day of July, 2015.

By: /s/ Jennifer Marie Jones
Jennifer Marie Jones
Post Office Box 1320
Quartzsite, Arizona 85346
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1st, 2015, I personally delivered the attached document to the Clerk's Office for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Larry J. Crown
Elan S. Mizrahi
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Attorneys for Defendants

A copy of the foregoing delivered this 1st day of July, 2015 to:

The Honorable Diane J. Humatewa
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 52
Phoenix, Arizona 85003

/s/ Jennifer Marie Jones
Jennifer Marie Jones