Larry J. Crown (No. 013133)
Elan S. Mizrahi (No. 017388)
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Telephone:   480-483-9600
Facsimile:    480-483-3215
lcrown@tbl-law.com
elan@tbl-law.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones, et al.,<br><br>              Plaintiffs,<br><br>vs.<br><br>Town of Quartzsite, et al.,<br><br>              Defendants. | Case No. CV-13-01770-PHX-DJH<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' RENEWED MOTION TO DISMISS** |

Pursuant to Rule 12(b)(6) and this Court's Order (Doc. 36), Defendants Town of Quartzsite, Gilbert, Frausto, Taft and Johnson hereby reply to Plaintiff's Response to Defendants' Renewed Motion to Dismiss (Doc. 38).

Plaintiff's Response is misplaced and misses what this Court's order required of Defendants and Plaintiff.  Defendants have moved to dismiss Plaintiff's claim because it does not state cognizable claims and the claims are barred by res judicata.  The point of the supplemental pleadings was to address the res judicata preclusive impact of the final orders that have now been granted in Jones I, Jones II, Jones IV and Jones V.  Defendants, in their supplemental memoranda, set forth the history of Jones I, Jones II, Jones IV and Jones V and then compared the allegations in Jones III with the claims and underlying allegations that have been disposed of in Jones I, Jones II, Jones IV and Jones V.  Because of the rulings in

Jones I, Jones II, Jones IV and Jones V, Defendants have clearly established that res judicata applies to Plaintiff Jennifer Jones' claims in Jones III. The same legal deficiencies that were found in Jones I, Jones II, Jones IV and Jones V should equally apply to the claims brought by the second plaintiff, John Lavern Jones.

On page 1 of her Response, Plaintiff Jennifer Jones states that she has filed five lawsuits related to a series of unwarranted malicious and retaliatory acts perpetrated by multiple co-conspirators and rogue agents which occurred beginning in April 2008 and continue through the present day. This is a personal opinion unsupported by any competent factual allegation. Plaintiff has ignored the fact that the United States District Court judges in Jones I, Jones II, Jones IV and Jones V gave her significant opportunities to correct the deficiencies in her Complaint. Jones I and Jones II were dismissed for want of prosecution.

Undersigned counsel was personally present in Court in Jones I before Judge Teilborg on May 26, 2015 and answered ready for trial. Jennifer Jones was present in court and refused to proceed forward with jury selection and the jury trial. Jennifer Jones left court fully advised that the consequences of not proceeding with this firm trial setting was dismissal for want of prosecution. Under the Federal Rules of Civil Procedure, Jennifer Jones had her day in court and the case was adjudicated against her on the merits.

In these Orders, there is the common theme that the District Court judges had repeatedly warned Jennifer Jones of the consequences of failing to comply with the rules of procedure and failing to proceed forward with discovery within the time periods set by the courts. Jennifer Jones has had plenty of opportunities to go forward with her cases and she has deliberately chosen to violate the rules despite repeated admonitions from the multiple involved courts. Again, Jones I, Jones II, Jones IV and Jones V have all been resolved with an adjudication on the merits against Jennifer Jones.

Jones III is a cut and paste and duplication of the collective allegations in Jones I, Jones II, Jones IV and Jones V. As pointed out in Defendants' opening supplemental

memoranda, certain claims have been resolved two and three times against Plaintiff Jennifer Jones.  One clear example is her repeated pleading of intentional infliction of emotional distress.

Yet, Plaintiff Jennifer Jones at the bottom of page 2 of her Response, accuses Defendants of committing serious crimes which is supported by irrefutable evidence.  Again, this statement is an unsupported conclusory allegation that cannot save her cause of action. At the top of page 3 of her Response, Jennifer Jones states that new issues and evidence have arisen to support this claim not limited to an event where Defendant Jeffrey Gilbert was allegedly driving his vehicle with a firearm drawn on Plaintiff John Jones.  This is an absurd unsupported allegation that is outside her complaint; and is irrelevant and meaningless to the issues urged by Defendants in their Motion to Dismiss.

In the second full paragraph of page 3 of her Response, Plaintiff Jennifer Jones discusses the status of her marriage to Plaintiff John Jones.  Plaintiff Jennifer Jones advises that Plaintiff John Jones has filed for summary dissolution of marriage and she has petitioned the La Paz County Superior Court for conciliation.  Plaintiff Jennifer Jones advises that Plaintiff John Jones' whereabouts are not specifically known, that an order of protection prevents both Plaintiffs from meeting outside the orders of the state court and that she needs to determine whether Plaintiff John Jones intends to pursue this case.  Plaintiff Jennifer Jones alleges in her Response, but not in her Complaint, that the breakdown of the marriage was due to the unrelenting and malicious actions of the Defendants and the emotional distress they caused.  Again, such unsupported allegations are outside the complaint and are irrelevant to the issues pending on this Motion to Dismiss.

On page 4 of her Response, Plaintiff states that a complaint need not pin Plaintiff's claim for relief to a precise legal theory and an exposition of the Plaintiff's legal argument is not required.  Of course, the opposite is true under the pleading standards required under the Federal Rules of Civil Procedure.  These pleading standards have been repeatedly set

forth in the many court orders that have resulted in the dismissal with prejudice of Jennifer Jones' other complaints in Jones I, Jones II, Jones IV and Jones V. Plaintiff states that every plausible legal theory that might provide Plaintiff relief must be considered. Plaintiff then states that no evidence has been offered to prove that she has not pled a separate cause of action in Jones III with Jones I, Jones II, Jones IV and Jones V. Again, these are complete erroneous self-serving statements that are in direct opposition to the clear standards for pleading a cognizable cause of action.

In short, Plaintiff's Response fails to raise any legitimate legal argument that can save her Complaint in Jones III. For the reasons stated herein and in Defendants' previous related pleadings (Doc. 19, 29 and 37), Defendants request that this Court dismiss Plaintiff's Complaint in Jones III with prejudice as to Jennifer Jones and John Lavern Jones.

RESPECTFULLY SUBMITED this 9th day of July, 2015.

**TITUS BRUECKNER & LEVINE PLC**


By: s/Larry J. Crown
   Larry J. Crown
   Elan S. Mizrahi
   8355 E. Hartford Drive, Suite 200
   Scottsdale, AZ  85255
   Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2015, I electronically transmitted Defendants' Reply to Plaintiff's Response to Defendants' Renewed Motion to Dismiss to the Clerk's Office using the CM/ECF System for filing.

I further certify that on July 9, 2015, I e-mailed and mailed a copy of the foregoing document to:

Jennifer Marie Jones
John Lavern Jones
P.O. Box 1320
Quartzsite, AZ 85346
thedesertfreedompress@yahoo.com


s/T. Kido
8962-21